THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL McBRIDE, as parent and guardian
for L.M., a minor child,

          Plaintiff,

v.

VF OUTDOOR, LLC, a foreign corporation,
dba LUCY, JOHN DOE, and JOHN DOE
COMPANY,

          Defendants.

Case No. 2:16-cv-00754 RSL

STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Discovery in this action will involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things

STIPULATED PROTECTIVE ORDER – 1
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1  produced or otherwise exchanged: Minor L.M.'s medical records, specifically including

2  those records produced by her mental health practitioners.

3      3.    SCOPE

4      The protections conferred by this agreement cover not only confidential material (as

5  defined above), but also (1) any information copied or extracted from confidential material;

6  (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

7  testimony, conversations, or presentations by parties or their counsel that might reveal

8  confidential material. However, the protections conferred by this agreement do not cover

9  information that is in the public domain or becomes part of the public domain through trial or

10 otherwise.

11     4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

12     4.1    Basic Principles.   A receiving party may use confidential material that is

13 disclosed or produced by another party or by a non-party in connection with this case only

14 for prosecuting, defending, or attempting to settle this litigation. Confidential material may

15 be disclosed only to the categories of persons and under the conditions described in this

16 agreement. Confidential material must be stored and maintained by a receiving party at a

17 location and in a secure manner that ensures that access is limited to the persons authorized

18 under this agreement.

19     4.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise

20 ordered by the court or permitted in writing by the designating party, a receiving party may

21 disclose any confidential material only to:

22     (a)   the receiving party's counsel of record in this action, as well as employees of

23 counsel to whom it is reasonably necessary to disclose the information for this litigation;

24     (b)   the officers, directors, and employees (including in house counsel) of the

25 receiving party to whom disclosure is reasonably necessary for this litigation, unless the

26 parties agree that a particular document or material produced is for Attorney's Eyes Only and

STIPULATED PROTECTIVE ORDER – 2
CASE NO. 2:16-CV-00754 RSL

1  is so designated;

2        (c)  experts and consultants to whom disclosure is reasonably necessary for this
3  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
4  A);

5        (d)  the court, court personnel, and court reporters and their staff;

6        (e)  copy or imaging services retained by counsel to assist in the duplication of
7  confidential material, provided that counsel for the party retaining the copy or imaging
8  service instructs the service not to disclose any confidential material to third parties and to
9  immediately return all originals and copies of any confidential material;

10       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably
11  necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
12  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages
13  of transcribed deposition testimony or exhibits to depositions that reveal confidential
14  material must be separately bound by the court reporter and may not be disclosed to anyone
15  except as permitted under this agreement;

16       (g)  the author or recipient of a document containing the information or a custodian or
17  other person who otherwise possessed or knew the information.

18       4.3   Filing Confidential Material. Before filing confidential material or discussing
19  or referencing such material in court filings, the filing party shall confer with the designating
20  party to determine whether the designating party will remove the confidential designation,
21  whether the document can be redacted, or whether a motion to seal or stipulation and
22  proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be
23  followed and the standards that will be applied when a party seeks permission from the court
24  to file material under seal.

25

26

STIPULATED PROTECTIVE ORDER – 3
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.   Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for  protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   Testimony given in deposition or in other pretrial or trial proceedings: the parties

STIPULATED PROTECTIVE ORDER – 4
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1  must identify on the record, during the deposition, hearing, or other proceeding, all protected

2  testimony, without prejudice to their right to so designate other testimony after reviewing the

3  transcript. Any party or non-party may, within fifteen days after receiving a deposition

4  transcript, designate portions of the transcript, or exhibits thereto, as confidential.

5      (c) Other tangible items: the producing party must affix in a prominent place on the

6  exterior of the container or containers in which the information or item is stored the word

7  "CONFIDENTIAL." If only a portion or portions of the information or item warrant

8  protection, the producing party, to the extent practicable, shall identify the protected

9  portion(s).

10      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

11  to designate qualified information or items does not, standing alone, waive the designating

12  party's right to secure protection under this agreement for such material. Upon timely

13  correction of a designation, the receiving party must make reasonable efforts to ensure that

14  the material is treated in accordance with the provisions of this agreement.

15      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16      6.1    Timing of Challenges. A ny party or non-party may challenge a designation of

17  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

18  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

19  burdens, or a significant disruption or delay of the litigation, a party does not waive its right

20  to challenge a confidentiality designation by electing not to mount a challenge promptly after

21  the original designation is disclosed.

22      6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

23  regarding confidential designations without court involvement. Any motion regarding

24  confidential designations or for a protective order must include a certification, in the motion

25  or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

26  conference with other affected parties in an effort to resolve the dispute without court action.

STIPULATED PROTECTIVE ORDER – 5
CASE NO. 2:16-CV-00754 RSL

1   The certification must list the date, manner, and participants to the conference. A good faith

2   effort to confer requires a face-to-face meeting or a telephone conference.

3        6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

4   intervention, the designating party may file and serve a motion to retain confidentiality under

5   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

6   of persuasion in any such motion shall be on the designating party. Frivolous challenges, and

7   those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

8   burdens on other parties) may expose the challenging party to sanctions. All parties shall

9   continue to maintain the material in question as confidential until the court rules on the

10   challenge.

11        7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

12   <u>IN OTHER LITIGATION</u>

13        If a party is served with a subpoena or a court order issued in other litigation that

14   compels disclosure of any information or items designated in this action as

15   "CONFIDENTIAL," that party must:

16        (a) promptly notify the designating party in writing and include a copy of the

17   subpoena or court order;

18        (b) promptly notify in writing the party who caused the subpoena or order to issue in

19   the other litigation that some or all of the material covered by the subpoena or order is

20   subject to this agreement. Such notification shall include a copy of this agreement; and

21        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

22   designating party whose confidential material may be affected.

23

24        8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25        If a receiving party learns that, by inadvertence or otherwise, it has disclosed

26   confidential material to any person or in any circumstance not authorized under this

STIPULATED PROTECTIVE ORDER – 6
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1   agreement, the receiving party must immediately

2        (a) notify in writing the designating party of the unauthorized disclosures,

3        (b) use its best efforts to retrieve all unauthorized copies of the protected material,

4        (c) inform the person or persons to whom unauthorized disclosures were made of all

5   the terms of this agreement, and

6        (d) request that such person or persons execute the "Acknowledgment and Agreement

7   to Be Bound" that is attached hereto as Exhibit A.

8        9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

9   PROTECTED MATERIAL

10        When a producing party gives notice to receiving parties that certain inadvertently

11   produced material is subject to a claim of privilege or other protection, the obligations of the

12   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

13   provision is not intended to modify whatever procedure may be established in an e-discovery

14   order or agreement that provides for production without prior privilege review. Parties shall

15   confer on an appropriate non-waiver order under Fed. R. Evid. 502.

16        10.    NON TERMINATION AND RETURN OF DOCUMENTS

17        Within 60 days after the termination of this action, including all appeals, each

18   receiving party must return all confidential material to the producing party, including all

19   copies, extracts and summaries thereof.   Alternatively, the parties may agree upon

20   appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to

21   retain one archival copy of all documents filed with the court, trial, deposition, and hearing

22   transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work

23   product, and consultant and expert work product, even if such materials contain confidential

24   material. The confidentiality obligations imposed by this agreement shall remain in effect

25   until a designating party agrees otherwise in writing or a court orders otherwise.

26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

SCOTT MCDONALD AND ASSOCIATES PLLC

DATED: <u>April 17, 2017</u>

By: <u>s/ Scott A. McDonald</u>
Scott A. McDonald, WSBA #14449
Scott McDonald and Associates PLLC
410 Market Street
Kirkland, WA 98703-6133
Telephone: (425) 822-5700
Facsimile: (425) 828-0871
E-Mail: scott@scottmcdonaldlaw.com
*Attorney for Plaintiff Michael McBride*

SCHWABE, WILLIAMSON & WYATT, P.C.

DATED: <u>April 17, 2017</u>

By: <u>s/ Ryan W. Dumm</u>
Farron Curry, WSBA #40559
Email: fcurry@schwabe.com
Ryan W. Dumm, WSBA #46738
Email: rdumm@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
*Attorneys for Defendant VF Outdoor, LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 20, 2017

<u>/s/ M S Lasnik</u>
The Honorable Robert S. Lasnik
United States District Judge

STIPULATED PROTECTIVE ORDER – 8
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type a full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *McBride v. VF Outdoor, LLC*, Case No.: 2:16-CV- 00754 RSL. I agree to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – 9
CASE NO. 2:16-CV-00754 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711