UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MCBRIDE, as parent and guardian for L.M., a minor child,

    Plaintiff,

    v.

VF OUTDOOR, LLC, d/b/a LUCY, *et al.*,

    Defendants.

Case No. C16-0754RSL

ORDER REGARDING PLAINTIFF'S MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiff's Motions in Limine." Dkt. # 36. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard from counsel at the pretrial conference held on May 23, 2017, the Court finds as follows:

The parties agree, and it is therefore ORDERED, that evidence and argument regarding the following topics shall be excluded from trial:

    1. Collateral sources of benefits to plaintiff;

    2. Defendant's resources/insurance or lack thereof;

    3. Effects of claims or judgments on insurance premiums or availability;

    4. Appeals to the jury to place themselves in plaintiff's position;

    5. Counsel's personal opinions;

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 1

6. Taxation of judgments; and

7. Sympathies for or apologies to plaintiff.

Plaintiff also seeks to exclude evidence or argument regarding bullying L.M. suffered in middle school more than a year after she was injured in defendant's store. Plaintiff argues that this bullying, and the emotional distress it caused, are unrelated to her scar and therefore irrelevant to her claim for damages. The Court reserves judgment on this motion. If plaintiff's claim for emotional distress is based on a general sense of embarrassment at being different and/or people pointing out or asking about her scar in public, the bullying may have no relevance or its probative value may be outweighed by the potential psychological harm its admission at trial could cause L.M. If, however, plaintiff intends to seek emotional distress damages related to what counsel calls "teasing" by the same boys who, one year later, bullied L.M., the later event would be relevant. Defendants would obviously want to provide a complete picture of L.M.'s relationship with these boys by showing that they teased everyone about anything that struck them as a vulnerability, both before and after the accident. They would also want to argue that the distress L.M. feels today is the result of on-going harassment by the same group of boys, not because a scar was the topic du jour for a few months. Depending on how the emotional distress evidence comes in, the probative value of the bullying incident may require its admission even if there are some risks to L.M.'s well-being.

//

//

1   For all of the foregoing reasons, plaintiff's motions in limine are GRANTED in
2  part and RESERVED in part.

3   Dated this 25th day of May, 2017.

*[signature: M/t S Lasnik]*

Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 3