UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MCBRIDE, as parent and guardian for L.M., a minor child,

    Plaintiff,

  v.

VF OUTDOOR, LLC, d/b/a LUCY, *et al.*,

    Defendants.

Case No. C16-0754RSL

ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE

This matter comes before the Court on "Defendant VF Outdoor, LLC's Motions in Limine." Dkt. # 42. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard from counsel at the pretrial conference held on May 23, 2017, the Court finds as follows:

The parties agree, and it is therefore ORDERED, that evidence and argument regarding the following topics shall be excluded from trial:

1. Other incidents involving defendant or a lucy store;

2. Repair of the door hinge on which L.M. was injured, including any delay or failure to repair the hinge;

3. Appeals to the jury to punish or send a message to defendant;

4. Other lawsuits or regulatory actions involving defendant or an affiliated entity;

ORDER REGARDING DEFENDANT'S
MOTIONS IN LIMINE - 1

5. Litigation-induced anxiety or damages;

6. Settlement offers or negotiations;

7. Any party's insurance;

8. Appeals to the jury to place themselves in plaintiff's position;

9. Motions in limine; and

10. Defendant's decision not to call any live witnesses at trial.

The contested motions in limine are discussed below.

**A. Evidence or Reference to Fault, Negligence, or Breach of Duty**

The fact that defendant's negligence is not in dispute does not mean that it is not relevant or that it should be hidden from the jury. The jury will be told by the Court in the statement of the case and in the Court's instructions about L.M.'s injury, that defendant admits it was negligent (*i.e.*, that it breached a duty owed to L.M.), and that defendant acknowledges that it is liable for the damages caused by that breach. The sole issue before the jury is what are those damages, and the Court expects the focus of the parties' presentations to be on that issue. This motion in limine is DENIED without prejudice to it being raised again if plaintiff's questioning or proffered evidence wastes time, causes confusion, or is needlessly cumulative.

**B. Lay Witness Testimony Regarding Need for Future Medical Care**

Lay witnesses will not be permitted to testify that L.M. will or is likely to undergo a second scar revision surgery or other unspecified medical treatment in the future. Whether a particular medical treatment or therapy is appropriate and within the standard of care for L.M.'s current condition is beyond the knowledge of a lay witness. This motion in limine is therefore GRANTED. Whether defendant's expert has provided admissible evidence that could support a finding that a second scar revision surgery will

be necessary is not properly before the Court.

**C. Photographs of L.M.'s Scar**

Defendant seeks to exclude all but one photograph of L.M.'s scar from evidence on the ground that they are duplicative and cumulative. While there is some duplication, the series of photos show how the scar looked before revision surgery, how it looks when wet, how it looks in different poses, and its size. As long as plaintiff's counsel avoids wasting time by displaying these photos briskly, the minimal duplication does not substantially outweigh their probative value. This motion is DENIED.

**D. Testimony of Christina Zellerhoff**

Ms. Zellerhoff is a friend of L.M.'s mother and the mother of L.M.'s friend. She is familiar with L.M. and has seen her in public and at the swimming pool. She has personal knowledge of how L.M. has responded to her scar and how others react to it. This motion is limine is DENIED.

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part and DENIED in part.

Dated this 25th day of May, 2017.

Robert S. Lasnik
United States District Judge

ORDER REGARDING DEFENDANT'S
MOTIONS IN LIMINE - 3